UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>- vs -<br><br>BRIAN McKENZIE,<br>          Defendant. | Criminal No. 09-0045 (DMC)<br><br>**DEFENDANT BRIAN McKENZIE'S NOTICE OF MOTION IN LIMINE TO PRECLUDE REFERENCE TO, OR EVIDENCE REGARDING, <u>THE CRASH OF FLIGHT N370V</u>** |

TO:   SCOTT McBRIDE, ESQ.
      Assistant U.S. Attorney
      970 Broad Street
      Newark, NJ 07102

**PLEASE TAKE NOTICE** that Defendant Brian McKenzie hereby moves the Court for entry of an Order prohibiting the government from making reference to, or introducing evidence of, the fact that PJM Jet N370V crashed on February 5, 2005.  In support of this motion, Defendant relies upon the following:

1)   Trial is scheduled to commence in this case on October 12, 2010.

2)   Count One of the Superseding Indictment charges that several former executives and employees of Platinum Jet Management ("PJM") -- Michael Brassington, Paul Brassington, Brian McKenzie, Francis Vieira, and John Kimberling -- conspired to defraud charter flight customers, jet charter brokers, the Federal Aviation Administration ("FAA"), and unidentified others to obtain money, and to impede the lawful governmental functions

of the FAA, by violating certain FAA regulations, in violation of 18 U.S.C. § 371.

3) Defendant McKenzie is also charged in Counts 8-13, 17-19, and 21-22 of the Superseding Indictment with making false statements to the FAA, in violation of 18 U.S.C. § 1001.

4) Defendant McKenzie is not charged in the remaining counts of the Superseding Indictment.

5) The Superseding Indictment does not charge that the crash of Jet N370V was a criminal act. Rather, the crimes alleged in the Superseding Indictment occurred prior to the crash of Jet N370V. Specifically, the fact that Jet N370V crashed is irrelevant to the offenses charged. That is, the offenses alleged in the Superseding Indictment, as charged (and if proven) by the government, are crimes regardless of whether Jet N370V crashed; the fact that the plane crashed is not an element of any offense charged. See Fed. R. Evid. 401 (providing that evidence is relevant only if it has a "tendency to make the existence of any fact ... more probable or less probable than it would be without the evidence.").

6) Therefore, any effort by the government to make reference to, or to introduce evidence regarding, the fact that Jet N370V crashed on February 5, 2005, would be intended solely to scare the jury and to appeal to the jurors' emotions. Cf. United States v. Hedgepeth, 434 F.3d 609, 612 (3d Cir. 2006)

(holding that information that is both irrelevant and prejudicial should not even be included in an indictment).

7) Such prejudicial and irrelevant evidence properly is excluded at trial because it is unrelated to any question at issue in the case and, hence, is non-probative, and its introduction would unfairly prejudice the defendants. See Fed. R. Evid. 403 (providing that even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice ...."). See generally Snodgrass v. Ford Motor Co., No. 96-1814(JBS), 2002 WL 485688, at *4 (D.N.J. March 28, 2002) (holding that probative value includes both: (i) the extent to which the contested evidence would establish the proposition for which it was admitted to prove; and (ii) "the extent to which that proposition was directly at issue in the case.").

8) "Unfair prejudice" means "an undue tendency to suggest decision on an improper basis, [often] an emotional one." United States v. Rutland, 372 F.3d 543, 543 (3d Cir. 2004). See also United States v. Church, 955 F.2d 688, 703 (11th Cir. 1992) (defining unfairly prejudicial evidence as evidence "likely to incite a jury to an irrational decision"); United States v. Crockett, 586 F. Supp. 2d 877, 883 (E.D. Mich. 2008) (defining unfairly prejudicial evidence as evidence that will "inflame the passions of the jury").

9) Thus, even relevant evidence has been excluded under Rule 403 where the evidence's relation to the crime charged was questionable and the evidence concerned a terrifying event or other circumstances likely to prey on a jury's emotions. See, e.g., United States v. Al-Moayad, 545 F.3d 139, 161 (2d Cir. 2008) (reversing conviction where government was permitted to introduce evidence from victim of bus bombing where defendant was charged with providing material support to Hamas, because evidence of a "violent [and] destructive" bombing "involve[d] conduct more inflammatory than the charged crime[s]") (citing cases); United States v. Ellis, 147 F.3d 1131, 1135-36 (9th Cir. 1998) (reversing conviction of defendant charged with receipt of explosives because admission of testimony regarding destructive capability of stolen explosive materials and admission of The Anarchist Cookbook, containing instructions on explosives and sabotage, for the purpose of proving intent and "victim impact," was irrelevant to the question of receipt and otherwise prejudicial to the defendant).

10) Here, the fact of a plane crash, and its impact on those injured in the crash, are irrelevant to proving the charge of conspiracy to violate FAA regulations, or the false statement charges against Defendant McKenzie. Thus introduction of evidence regarding the crash will unreasonably extend the trial by requiring a mini-trial on the ultimate cause of the plane crash, and confuse and mislead the jury as to the important

issues in the case and elements of the charged offense. Moreover, because a plane crash is by its nature a terrifying event, crash evidence will inflame the jury against the defendants and unnecessarily require some defendants to place blame for the crash on other defendants, thereby unfairly prejudicing all of the defendants.

11) In sum, introduction of plane crash evidence at trial would be nothing more than a "blatant appeal to the jury's emotions and prejudices." <u>Al-Moayad</u>, 545 F.3d at 161. Therefore, the Court should preclude the government from making reference to, or introducing evidence of, the crash of Jet N370V.[1]

    Respectfully submitted:

    /s/Mark A. Berman
    Mark A. Berman, Esq.
    **HARTMANN DOHERTY ROSA BERMAN & BULBULIA, LLC**
    65 Route 4 East
    River Edge, NJ 07661
    (201) 441-9056

    *Attorneys for Defendant Brian McKenzie*

Dated: September 27, 2010

---

[1] To the extent such evidence might properly be admissible against other defendants, Defendant McKenzie has already moved for a separate trial, and renews that motion.

-5-

## **CERTIFICATION**

    I, MARK A. BERMAN, hereby certify under penalty of law that on this date I caused Defendant Brian McKenzie's Motion in Limine to Exclude Plane Crash Evidence to be served via ECF upon all counsel of record.

                                                    /s/Mark A. Berman  
                                                    Mark A. Berman, Esq.

Dated: September 27, 2010